Supreme Court—Watson v. Pacia.

CARL B. WATSON ET AL., PLAINTIFFS, v. WALENTY
PACIA, DEFENDANT.

Decided April 7, 1927.

**Account—Reference to and Report by Referee—Defendant Reserved Right to a Jury Trial—Upon Motion to Confirm, Defendant Again Objected and Demanded a Trial by Jury—Held, That He Had Substantially Complied With Statute—Statute Does Not Impose Upon Defendant the Duty to Notice Case For Trial or Bring on Hearing.**

For the plaintiffs, *James J. McGoogan.*

For the defendant, *Harvey Knight.*

DONGES, J.  The meritorious question to be determined is whether plaintiff is entitled to have the report of the referee, to whom this cause was referred to settle matters of account, &c., confirmed, or whether defendant is entitled to have a jury trial.

It is stipulated that defendant, at the time the reference was made, November 25th, 1925, excepted to the reference and reserved the right to a jury trial.  The referee filed his report on April 21st, 1926.  Plaintiff, on April 29th, 1926, still in the same term, moved before Mr. Justice Trenchard for confirmation of the report.  Defendant then and there objected and demanded a trial by jury.  On April 30th, 1926, a written demand was made by defendant, and on May 7th, 1926, within twenty days after the filing of the report, and still within the January term, exceptions were filed.  The case has been duly noticed for trial.

Subsequently, a motion was made to me to confirm the report and to deny defendant a trial by jury because it is claimed he has not perfected his right to a jury trial.

I am of opinion that there has been a substantial compliance with the statute, and that defendant is entitled to a

trial by jury of the matters in issue as raised by the pleadings and his exceptions. Where a party reserves that right and perfects it by filing his exceptions within time he is not to be denied a jury trial. In that case, the effect of the reference is to put the burden on defendant to overthrow the report and to limit the issues to those findings to which exception is specifically entered. *Enstice Brothers* v. *Pitman,* 95 *N. J. L.* 291.

The statute does not impose the duty on defendant to notice the case and bring it on for hearing. It merely provides that, when he complies with its requirements, the case shall be tried by a jury. I take it that the moving party must bring his case on as he otherwise would. The only difference, as above stated, is to make the report evidential, and, perhaps, to limit the proofs.

The motion to confirm is denied.